FILED
United States Court of Appeals
Tenth Circuit

December 12, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

WILLIAM ARELLANO,

        Petitioner-Appellant,

v.

ANGEL MEDINA, Warden, and THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

        Respondents-Appellees.

No. 13-1264
(D.C. No. 1:12-CV-01693-WYD)
(D. Colo.)

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **HARTZ**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.

After his state court convictions for theft and burglary — and for qualifying

as a "habitual criminal" under the terms of Colo. Rev. Stat. § 18-1.3-803(4)(b)

after having accumulated now so many felony convictions — William Arellano

unsuccessfully pursued a direct appeal and collateral attack on his conviction and

sentence in state court. None of that proved fruitful so he turned eventually to

federal court, seeking relief under 28 U.S.C. § 2254. The federal district court

---

[*] This order is not binding precedent except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

assigned to his case, however, also denied relief. The court found that most of Mr. Arellano's claims were procedurally defaulted and that the remaining claims failed on the merits. Now before us, Mr. Arellano seeks a certificate of appealability ("COA") to undo this decision.

That we cannot provide. We may award a COA only if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To do that much, a petitioner must demonstrate that reasonable jurists could debate whether his petition should have been resolved differently. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Even viewing his pleadings before us generously, however, Mr. Arellano does not meaningfully address, much less give us cause to debate, the district court's procedural default or merits analyses. The district court issued three separate orders in this case, spanning approximately 40 pages. After our independent review, we discern no error in its analysis, neither do we see what we might add usefully to what it has said. Accordingly, Mr. Arellano's request for a COA is denied and this matter is dismissed. His request to proceed in forma pauperis is denied.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge